## LEHIGH AND WILKESBARRE COAL COMPANY

### *v.*

### THE STEVENS & CONDIT TRANSPORTATION COMPANY.

[Filed March 5th, 1902.]

Corporation act, section 75 (*P. L. of 1896 p. 301*), provides that the court may limit the time within which creditors of an insolvent corporation shall make proof of their claims, "and may bar all creditors and claimants failing to do so within the time limited," &c. Section 76 requires that "every claim" shall be presented in writing and on oath, and "the claimant," if required, shall submit to such examination in relation to "the claim" as the receiver shall direct. Section 77 (at *p. 302*) provides that "any creditor or claimant" may demand a jury to decide on "his claim."—*Held,* in view of these provisions, that a claimant for a tort committed before the declaration of insolvency, but not reduced to judgment until after, could come in and share on an equality as a creditor pursuant to section 86, providing for the distribution of the assets among "the creditors."

---

On appeal of Thomas W. Dawson from determination of receiver.

*Mr. Robert L. Lawrence,* for the claimant.

*Mr. R. Wayne Parker,* for the contestants.

STEVENS, V. C.

The sole question in this case is whether a person having a claim for a tort, committed by an insolvent corporation, which claim arose before the company was declared insolvent but was not reduced to judgment until after, can come in and share on an equality with the other creditors.

In *Rosenbaum* v. *Credit System Co., 32 Vr. 544,* it was authoritatively decided that claims for unliquidated damages growing out of breaches of contract may be proved before the receiver, and that the claimants stand on an equality with other creditors in the distribution of the company's assets. In the opinion in the court of errors it is said: "The general scheme of the statutes contemplates the ascertainment and payment of all just claims against the corporation. The terms creditor and debtor are not used in a narrow, restricted or technical sense. By its provision for reference of a claim to a jury, the machinery whereby the amounts of claims sounding in unliquidated damages may be ascertained is provided and such claims are brought within the term debts." This language, taken literally, is broad enough to include torts. But as the cause of action there arose out of breach of contract the decision is not conclusive. Indeed the principal ground upon which the court of errors based its conclusion, viz., that those who dealt with the corporation did so in view of the trust fund, which its capital provided, and ought therefore to be permitted to share in that fund, is here wanting. But I think that on another ground claims sounding in tort, after adjudication or allowance, are entitled to a proportionate share.

In section 75 of the Corporation act it is provided that the court may limit the time within which creditors shall make proof of their claims "and may bar all creditors *and claimants* failing so to do within the time limited," &c. While it may be argued that the word "creditor" is inapplicable to one who has nothing but a claim sounding in tort, it cannot be asserted that

the word "claimant" is not broad enough to include him.   In section 76 the statutory language is that

"every *claim* against an insolvent corporation shall be presented to the receiver in writing and upon oath, and the *claimant*, if required, shall submit himself to such examination in relation to the *claim* as the receiver shall direct."

This section, which is the most significant and important of all because it deals directly with the very subject we are considering—the subject of claims that may be presented to a receiver—uses language which is just as applicable to claims for tort as to claims upon contract.   Section 77 provides that "any creditor or *claimant* who shall lay his claim before such receiver may at the same time demand that a jury shall decide thereon."   This section shows that it is not only the claim of a "creditor," technically so called, that may be submitted to a jury, but the claim of any "claimant."   When it is considered that there is no class of claims that may so properly be laid before a jury as claims sounding in tort—no class which the policy of our law so invariably lays before a jury—the significance of this section is apparent.   To cut down the generality of the language by excepting out of the whole class of claimants denominated by that section, this very important class is only permissible, if legislative authority for it can be found in some other provision of the act.

It is contended that section 86, which provides for distribution, furnishes the authority.   The direction is that after payment of all allowances, expenses and costs and the satisfaction of all special and general liens,

"the *creditors* shall be paid proportionately to the amount of their respective debts * * * and * * * shall be entitled to distribution on debts not due, making in such case a rebate of interest."

The argument is that claims for torts not being debts, cannot, under the provisions of this section, share in the distribution on an equality with "creditors."   But if they cannot share on an equality they cannot share at all, for the explicit direction is (1) that the creditors shall be paid proportionally to the amount

of their respective debts, and (2) that the surplus funds, if any, after payment of the creditors and the costs, expenses and allowances, shall go to the stockholders. If the claimant is not a "creditor" within the meaning of this section, he can get nothing. The surplus, after "creditors" are paid, goes, all of it, to stockholders. In bankruptcy, claims not provable continue to be enforceable against the bankrupt. In proceedings against insolvent corporations, the company, except in the very insignificant class of cases in which it resumes business, is wound up and all remedy against it gone. This being the situation, are we to assume without necessity that the legislature, after providing that creditors and claimants might lay their claims before a receiver and demand a jury, intended, in the distribution, to exclude a meritorious class of creditors who, in terms at least, come within the express words of sections 75, 76 and 77. Section 86 does not require this assumption. After a claim for unliquidated damages has been reduced to judgment it becomes a *debt*. It is, in the books, characterized as a debt of record for which, at common law, an action of debt lay. Nothing is better settled than that a corporation is not dissolved by a mere adjudication of insolvency. Suits against it, after such adjudication, may still be prosecuted to judgment. Indeed the statute (section 53) provides that they may be prosecuted after dissolution. There is nothing in the act itself to indicate that the claim must be, in the technical sense, a *"debt"* at the time of the filing of the bill or of the adjudication of insolvency. Is it not then reasonable to conclude that if such claims, either by adjudication of a common law tribunal, or by adjudication of the receiver, become "debts" before the time of distribution, they may share in the fund? This construction of the act makes it one harmonious whole. The other does injustice, and, besides, does violence to the ordinary meaning of words. The whole argument rests upon the idea that the claims must be debts, at some fixed period anterior to distribution. But what section of the act can be pointed to as justifying this idea? I can find none. Decisions under the Bankrupt act of 1867 are inapplicable for the reason that section 5067 not only specified the kind of debt or demand that might be proved, but also declared that only such

debts were provable as existed at the time of the commencement of proceedings in bankruptcy.

I think the appeal from the allowance by the receiver of the claims in question should be dismissed.